PICKERING MFG. CO. v. GORDON et al. (No. 6516.)

(Court of Civil Appeals of Texas. Galveston. April 21, 1914.)

GARNISHMENT (§ 196*)—PARTIES—DISCHARGE.

Where the original suit in which a writ of garnishment was sued out was brought against an alleged corporation, and after the issuance and service of the writ of garnishment the petition was so amended as to make the action one against an individual, instead of a corporation, the garnishment proceedings were thereby discharged, and judgment cannot be rendered against the corporation in the garnishment proceeding.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 386–389; Dec. Dig. § 196.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by W. D. Gordon against the Pickering Manufacturing Company, in which a writ of garnishment was sued out against the Gulf National Bank of Beaumont, Tex. From a judgment for plaintiff in the garnishment proceedings, defendant appealed. Reversed and rendered.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. Thos. J. Baten and W. D. Gordon, both of Beaumont, for appellee.

McMEANS, J. W. D. Gordon, on September 10, 1908, brought suit against the Pickering Manufacturing Company, alleging that the defendant was a private corporation doing business in the state of Pennsylvania, and sought the recovery of the sum of $292 as damages for the breach of a contract. He alleged that this amount of money was then deposited in the Gulf National Bank of Beaumont, Tex., to the credit of the defendant, and at the time he filed the suit he sued out a writ of garnishment against said bank to subject said sum to the payment of his demand. On October 6, 1908, the Gulf National Bank answered, setting forth that it

was indebted to the Pickering Manufacturing Company in said sum of $292. It appears that no further proceedings were had in the case until January 16, 1913, more than five years after the filing of the suit, when plaintiff filed an amended petition, in which he stated that he filed his original petition upon the theory that the Pickering Manufacturing Company was a corporation, but that it had since developed that the Pickering Manufacturing Company was only a name under which Emeline A. Pickering, an individual, was doing business, and sought, in the amended petition, to recover against Emeline A. Pickering, an individual, instead of the Pickering Manufacturing Company, a corporation. On the date of the filing of the amended petition the defendant filed a motion to quash the garnishment; one of the grounds of the motion being that the suit as originally filed, and in which the garnishment was sued out and served, was against the Pickering Manufacturing Company, a private corporation incorporated under the laws of the state of Pennsylvania, and by the amended petition plaintiff sought judgment against Mrs. Emeline A. Pickering, an individual, and not against the corporation, and that the garnishee could not be held liable upon a judgment rendered against Emeline A. Pickering. The motion to quash was overruled, and upon a trial before a jury, on January 17, 1913, judgment was rendered against the "defendant Pickering Manufacturing Company and Emeline Pickering, established in this case to be one and the same person," and judgment was thereupon entered by the court in favor of the plaintiff, against the garnishee, upon its answer, for the sum of $292, and from this last-mentioned judgment the defendant Mrs. Emeline A. Pickering has appealed, and has assigned as error the action of the court in overruling her motion to quash.

Under this assignment appellant contends by her propositions, first, that the plaintiff having sued the Pickering Manufacturing Company, a private corporation, and having sought to subject its funds in the hands of the garnishee, it was necessary, before a valid judgment could be rendered against the garnishee, to secure a judgment in the main case against the corporation; and, second, that the plaintiff, by his amended petition, wherein he sought judgment against Emeline Pickering, an individual doing business as the Pickering Manufacturing Company, and not against the corporation, as alleged in his original petition, set up an entirely new cause of action, and this had the effect of discharging the garnishment proceedings. We think the assignment must be sustained. A writ of garnishment sued out to subject funds belonging to an alleged corporation to pay a debt alleged to be owing by it will not support a judgment against a garnishee rendered in an ancillary proceeding, where the original suit after the issuance and service of the writ of garnishment has been changed to one against an individual, and the judgment rendered in such proceeding is against an individual. We think it is clear that under the original petition, which sought judgment against an alleged corporation, no judgment could have been legally rendered against Mrs. Pickering, an individual, and a realization of this fact caused plaintiff to amend in order to show that he was suing the individual. If, then, under the allegations of the original petition, no judgment could have been rendered against Mrs. Pickering, it necessarily follows that in the ancillary proceedings instituted under the original petition no judgment could have been legally rendered against the garnishee. The judgment in the garnishment proceedings in the court below is therefore reversed, and judgment here rendered for appellant.

Reversed and rendered.